**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1605013801 |
| | ) | |
| KARL MANUEL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 15, 2020
Decided: November 10, 2020

*Upon Defendant's Motion for Postconviction,*
**DENIED.**

*Upon Postconviction Relief Counsel's Motion to Withdraw,*
**GRANTED.**

**ORDER**

Zachary Rosen, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Patrick J. Collins, Esquire, Kimberly A. Price, Esquire, Collins & Associates, 716 North Tatnall Street, Suite 300, Wilmington, DE 19801, Attorneys for Defendant Karl Manuel.

**WHARTON, J.**

This 10th day of November, 2020, upon consideration of Defendant Karl Manuel's ("Manuel") timely *pro se* Motion for Postconviction Relief ("MPCR"),[1] appointed postconviction counsel's Motion to Withdraw as Counsel,[2] the State's Response to Counsel's Motion to Withdraw,[3] the affidavit of trial counsel,[4] and the record in this matter, it appears to the Court that:

1.      Manuel was found guilty in a bench trial of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Failure to Wear a Seatbelt.[5] He was declared a habitual offender as to both the PFBPP and CCDW charges and sentenced to a combined 23 years at Level 5.[6] He received a probation sentence on the PABPP charge and a fine on the seatbelt charge.[7] On May 8, 2018, the Delaware Supreme Court affirmed Manuel's conviction and sentence.[8]

2.      Manuel filed his timely first MPCR pursuant to Superior Court Criminal Rule 61 *pro se* on April 23, 2019.[9] Manuel also moved for appointment

---

[1] D.I. 36.
[2] D.I. 47.
[3] D.I. 52.
[4] D.I. 57.
[5] D.I. 19.
[6] App. Mem. in Supp. Mot. to Withdraw at A51-56, D.I. 48.
[7] *Id.*
[8] *Manuel v. State,* 2018 WL 2127136 (Del. 2018).
[9] D.I. 36.

of counsel.[10] The Court granted that request on April 25, 2019.[11] On November 12, 2019, appointed postconviction relief counsel Patrick J. Collins, Esquire, moved to withdraw after he reviewed the record and the applicable law, and concluded that Manuel's postconviction claims were wholly without merit and that no other substantial grounds for relief were available to him.[12] Manuel submitted points he wished the Court to consider on January 8, 2020.[13] The State submitted its response on March 6, 2020.[14] Trial counsel submitted his affidavit on October 15, 2020.[15]

3.      In his MPCR, Manuel presses three claims of ineffective assistance of counsel ("IAC") and one labeled "Abuse of Discretion by trier."[16] First, he alleges trial counsel was ineffective by failing to file any pre-trial motions, thereby depriving him of "the right to have the State to present or hear all of the evidence, affidavits, documents etc. against him."[17] Second, he alleges trial counsel was ineffective in failing to "subpoena the forensic expert who wrote up the investigative narrative (Supplemental Report) also the credibility of supervisor Looney thus denying him his right to confront the witnesses against him."[18] His third IAC claim alleges that trial counsel, "failed to challenge the traffic stop (Pre-textual traffic

---

[10] D.I. 37.
[11] D.I. 40.
[12] D.I. 47.
[13] D.I. 50.
[14] D.I. 52.
[15] D.I. 57.
[16] D.I. 36.
[17] *Id.*
[18] *Id.*

stop)," the "authentication and identification of evidence," the "Chain of Custody and Burden of Proof" along with the violation of a variety of state a federal constitutional provisions.[19] Manuel's last claim, and the only one that does not allege IAC, is that the Court abused its discretion in ruling on his motion for judgment of acquittal.[20] Additionally, in response to PCR counsel's motion to withdraw, Manual expands on his claim that trial counsel's pretrial preparation was inadequate. He alleges that he only met with trial counsel for 3-5 minutes before trial, and had counsel explained to him the likelihood of acquittal (or lack thereof), there is a reasonable probability that he would have accepted the State's plea offer.[21]

4.    PCR counsel addresses all of Manuel's claims in his motion to withdraw, but not the supplemental claim raised after PCR counsel filed his motion to withdraw. With respect to Manuel's first claim that trial counsel did not file any pre-trial motions, PCR counsel believes that there was no basis to file a suppression motion.[22] As to the second claim that trial counsel was ineffective in failing to subpoena the officer who test fired the firearm, Cpl. Law, and the supervisor who reviewed the arresting officer's report, Sgt. Looney, PCR counsel points out that neither was a necessary witness for the State. Since they had no other role in the

_____

[19] *Id.*
[20] D.I. 98.
[21] D.I. 50.
[22] D.I. 47 at 15, 16.

4

case, there was no confrontation issue.[23]   PCR counsel finds Manuel's third claim lacking in merit because there was probable cause for the traffic stop, and the arresting officer was able to authenticate the firearm he seized from Manuel and account for its chain of custody.[24]  Finally, PCR counsel finds Manuel's fourth claim procedurally barred because it was previously adjudicated on direct appeal.[25]

5.    For its part, the State argues that Manuel's three IAC claims fail both prongs of *Strickland v. Washington*.[26]  It contends the first fails because it does not identify any particular pretrial motion trial counsel should have filed.[27] The State agrees with PCR counsel that Manuel's second and third fail as well for essentially the same reasons stated by PCR counsel.  The State also agrees that Manual's abuse of discretion claim was previously adjudicated and, thus, is barred.[28]  Finally, while the State is unaware of how long Manuel and trial counsel met before trial, it observes that the case was not close, counsel made reasonable arguments, including moving for judgment of acquittal, and Manuel suffered no prejudice.[29]

6.    Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule

---

[23] *Id.* at 17.
[24] *Id.* at 17, 18.
[25] *Id.* at 19, 20.
[26] 466 U.S. 668 (1984).
[27] D.I. 52 at 7.
[28] *Id.* at 10.
[29] *Id.*

61(i).[30] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[31] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[32] A second or subsequent motion is repetitive and therefore barred.[33] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[34] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[35] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[36] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[37]

---

[30] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[31] *Id.*
[32] Super. Ct. Crim. R. 61(i)(1).
[33] Super. Ct. Crim. R. 61(i)(2).
[34] Super. Ct. Crim. R. 61(d)(2)(i).
[35] Super. Ct. Crim. R. 61(d)(2)(ii).
[36] Super. Ct. Crim. R. 61(i)(3).
[37] Super. Ct. Crim. R. 61(i)(4).

7. The MPCR constitutes a timely first motion for postconviction relief, alleging IAC. The court agrees with PCR counsel and the State that Manuel's fourth claim, identified by him as "Abuse of Discretion by trier" is procedurally barred as it was previously adjudicated on direct appeal. Therefore, the Court will consider the motion on its merits only with respect to the IAC claims.

8. To succeed on an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[38] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[39] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[40] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[41] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[42] An inmate must satisfy the proof requirements of both prongs to succeed on an IAC of counsel claim. Failure to do so on either prong will

---

[38] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[39] *Id.* at 667-68.
[40] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[41] *Strickland*, 446 U.S. at 689.
[42] *Id.* at 694.

doom the claim and the Court need not address the other.[43]  Here, Manuel cannot demonstrate either that counsel's performance was deficient on any of the issues that he raises, or that he was prejudiced.

9.  The Court turns initially to the IAC claims Manuel first raised in his MPCR.  In all three of them, Manuel has failed to meet either the performance or prejudice prongs of *Strickland*.  The first of those claims is that trial counsel failed to file any pretrial motions.  It is fatal to this claim that Manuel does not specify any particular motion that trial counsel should have filed.  Nevertheless, PCR counsel has assessed the viability of a possible motion to suppress.  Obviously, if the facts supported such a motion, trial counsel's failure to file one would have constituted IAC.  However, as PCR counsel points out, the facts do not provide a basis for a motion to suppress.  Manuel's second claim is that trial counsel was ineffective in failing to subpoena Cpl. Law and Sgt. Looney.  The Court agrees with both PCR counsel and the State that neither officer could have provided any testimony helpful to Manuel, nor was his right to confront the witnesses against him violated by the fact that they did not testify.  As a result, counsel was not ineffective in failing to subpoena them.  Finally, Manuel's last claim fails because there was no basis to challenge the traffic stop, whether it was pretextual or otherwise.  Further, there were

---

[43] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

no chain of custody or authentication issues because there was no question that the firearm seized from Manuel was the same one admitted into evidence.

10. The Court now turns to the lone issue brought in the points Manuel wants the Court to consider. Because Manuel raised it for the first time after PCR counsel filed his motion to withdraw, the Court directed trial counsel to submit an affidavit responding to the claim. Trial counsel has submitted his affidavit in response to Manuel's IAC claims.[44] Contrary to Manuel's claim that he met with trial counsel for only 3 to 5 minutes before trial, trial counsel cites seven separate occasions when he met with Manuel.[45] Trial counsel also denies that he failed to explain the state of the evidence and the legal jeopardy Manuel faced at trial, including his likelihood of success.[46] Trial counsel has attached to his affidavit a letter he wrote to Manuel, dated January 4, 2017, in which he explained the amount of incarceration the State sought in its plea offer, the possibility it might consider "substantial assistance,"[47] and that it would seek to have him declared a habitual offender if it prevailed at trial.[48] Trial counsel further advised Manuel that such a declaration could result in a sentence of 15 years to life on the PFBPP charge alone,

---

[44] D.I. 57.
[45] *Id.*
[46] *Id.*
[47] Trial counsel's affidavit reflects a meeting on September 22, 2016 with Manuel, an ATF agent and an Assistant United States Attorney to discuss a proffer by Manuel. D.I. 57.
[48] *Id.*

with the possibility of additional incarceration on the other charges.[49] It is clear to the Court, based on the affidavit of trial counsel and the documentation provided with it that Manuel met with trial counsel multiple times and was fully apprised of the relevant information he needed to make an informed choice about accepting or rejecting the State's plea offer. The advice Manuel received from trial counsel was effective. He simply chose poorly.

**THEREFORE,** the Manuel's Motion for Postconviction Relief and Amended Motion for Postconviction Relief are **DENIED.**

Postconviction relief counsel's Motion to Withdraw as Counsel is **GRANTED.**

  **IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[49] *Id.*